No. 25-10567

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

LEIGH HOLLAND,
Plaintiff-Appellant

V.

TEXAS CHRISTIAN UNIVERSITY,
Defendant-Appellee

---

On Appeal from the United States District Court for the
Northern District of Texas-Fort Worth Division
Cause No. 4:24-cv-00289-O

---

REPLY BRIEF OF APPELLANT

---

W. D. MASTERSON
State Bar No. 13184000
KILGORE & KILGORE, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 969-9099 – Telephone
(214) 953-0133 – Facsimile
wdm@kilgorelaw.com

**ATTORNEYS FOR PLAINTIFF-
APPELLANT,
LEIGH HOLLAND**

**TABLE OF CONTENTS**

TABLE OF CONTENTS......................................................................... ii

TABLE OF AUTHORITIES ................................................................. iii

I.      INTRODUCTION ...................................................................1

II.     HOLLAND WAS ENTITLED TO FMLA LEAVE......................................2

III.    FMLA INTERFERENCE.........................................................3

IV.     RETALIATION..................................................................4

V.      EQUITABLE ESTOPPEL ....................................................5

VI.     CONCLUSION.................................................................7

SIGNATURE PAGE...............................................................7

CERTIFICATE OF SERVICE .................................................8

CERTIFICATE OF COMPLIANCE.......................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Act. Bocalbos v. Nat'l W. Life Ins. Co.*,
162 F.3d 379 (5th Cir. 1998) .................................................................3

*Caldwell v. KHOU-TV*,
850 F.3d 237 (5th Cir. 2017) ................................................................2

*Chaffin v. John H. Carter Co., Inc.*,
179 F.3d 316 (5th Cir. 1999) ................................................................4

*Garcia v. Pro. Cont. Servs., Inc.*,
938 F.3d 236 (5th Cir. 2019) ................................................................4

*Hunt v. Rapides Healthcare Sys.*,
LLC, 277 F.3d 757 (5th Cir. 2001) .......................................................4

*Minard v. ITC Deltacom Commc'ns, Inc.*,
447 F.3d 352 (5th Cir. 2006) ................................................................6

*Murray v. Red Kap Indus., Inc.*,
124 F.3d 695 (5th Cir. 1997) ................................................................2

*Park v. Direct Energy GP, L.L.C.*,
832 F. App'x 288 (5th Cir. 2020) .........................................................3

*Reeves v. Sanderson Plumbing Prods., Inc.*,
530 U.S. 133 (2000) ..............................................................................4

**Statutes**

29 U.S.C. § 2612(a)(1)(D) ..........................................................................2

FMLA ...................................................................................................*passim*

**Other Authorities**

29 C.F.R. § 825.113(a) ................................................................................2

29 C.F.R. § 825.115(c) ................................................................................3

29 C.F.R. § 825.301 ........................................................................................3

# I.

# <u>INTRODUCTION</u>

1.01   TCU's brief erroneously claims that Holland was not entitled to FMLA protection. In reality, Holland was under the care of a licensed mental health provider for a chronic condition and presented credible evidence of functional limitations and treatment. The district court improperly applied an unduly narrow interpretation of the FMLA, disregarding material facts and testimony.

1.02   This Court should reverse the summary judgment because Holland has shown genuine disputes of material fact regarding her entitlement to FMLA leave, interference with that leave, and retaliation following her protected activity.

1.03   Leigh Holland faithfully served TCU for over 23 years, receiving multiple promotions and consistently positive performance evaluations, all of which were subpoenaed and presented to the court. Her history with TCU began on July 15, 2002, in the Neeley School of Business as an Admissions Coordinator, followed by ascending roles in Student Affairs, Affirmative Action, and Compliance. Holland played an instrumental role in establishing the Title IX office at TCU in 2011, a fact corroborated by the university's own internal restructuring documents.

1.04   Before Sharon Gooding was hired as Director of the Office of Institutional Equity (OIE), Holland had already been functioning in an investigative capacity. During her time at OIE, Holland trained incoming staff, including Andrea

McDew (her direct supervisor) and Cheryl Taylor, and remained a dependable and senior member of the compliance team. Her responsibilities extended far beyond her official title, reflecting her versatility and commitment.

## II.

## HOLLAND WAS ENTITLED TO FMLA LEAVE

2.01   The FMLA provides protection to employees with serious health conditions that render them unable to perform their job functions properly. See 29 U.S.C. § 2612(a)(1)(D); 29 C.F.R. § 825.113(a).

2.02   Contrary to TCU's position, the Fifth Circuit has recognized that incapacity includes an inability to perform daily activities or work properly due to a serious health condition. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

2.03   Holland presented evidence, including leave documentation from her therapist, describing her mental health limitations and the need for leave. Her statements that she "could do her job" must be understood in context: she also described emotional distress, frequent crying, and loss of concentration—all limiting factors that courts have recognized as sufficient to create a factual issue. See *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 698 (5th Cir. 1997).

2.04   The district court erroneously held that Holland was not incapacitated. However, the record reflects impairments to her daily functioning, including

disrupted sleep and emotional volatility, which satisfy the definition of incapacity under 29 C.F.R. § 825.115(c).

2.05    If TCU had any doubt about Holland's right to take FMLA leave TCU had a means to explore the issue.  TCU failed to respond to Holland's citation of 29 C.F.R. § 825.301 appearing at page 17 of Holland's Brief requiring TCU to inquire further if TCU questioned whether Holland's leave was "potentially FMLA qualifying."  To the contrary, TCU did nothing to give Holland notice of TCU's position until suit was filed.  TCU should not be allowed to ignore regulatory requirements which would have protected Holland's FMLA leave and employment.

## III.

## FMLA INTERFERENCE

3.01    To establish FMLA interference, a plaintiff need only show that her employer denied or interfered with rights under the *Act. Bocalbos v. Nat'l W. Life Ins. Co.,* 162 F.3d 379, 383 (5th Cir. 1998).

3.02    Although TCU argues that Holland received all leave requested, the record contains evidence of emails requesting work product from Holland during her medical leave. Courts have found that even minimal work-related requests during leave may support an interference claim. See *Park v. Direct Energy GP, L.L.C.,* 832 F. App'x 288, 294 (5th Cir. 2020).

3.03    Moreover, Holland was not reinstated in good faith. She was discharged

immediately after her return, despite a prior successful return from FMLA leave in 2022. These facts support a prima facie case of interference.

## IV.

## RETALIATION

4.01   To establish a claim for FMLA retaliation, a plaintiff must show (1) engagement in protected activity, (2) an adverse employment action, and (3) a causal connection. *Chaffin v. John H. Carter Co., Inc.,* 179 F.3d 316, 319 (5th Cir. 1999); *Hunt v. Rapides Healthcare Sys.*, LLC, 277 F.3d 757, 768 (5th Cir. 2001).

4.02   Here, the causal link is established by the suspicious timing: Holland was terminated the day after returning from leave. Temporal proximity can support a causal inference. *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019).

4.03   TCU argues that poor performance justified the termination, but pretext is shown by shifting explanations, timing, and failure to follow performance management steps. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) (evidence of pretext and timing allows inference of retaliation).

4.04   As for pretext requirement, Gooding created a battery of "draft" malicious charges on April 27, 2023 (ROA.890) to support Holland's termination since none otherwise existed, over 21 years of employment of TCU.

4.05　Yohna Chambers-Hastings, the head of TCU HR drafted a document to add support to the termination (ROA.846) which stated in paragraph 24 (ROA.853) that Holland had been fired because of the Gooding draft "findings."

4.06　Surely, it challenges credulity to find that Holland's termination was caused by Gooding's last minute concoctions as opposed to TCU's false charges of filing for false FMLA leave which had been encouraged by Gooding and certified by UNUM, TCU's FMLA administrator.

4.07　As if the foregoing facts were not libelous enough TCU was allegedly going to compel alleged perpetrator Holland to retire after one more month of service to TCU.　Holland understandably rejected this flawed offer.

4.08　In response to Holland's description of the offer to retire (with the false findings on her employment record) Ms. Holland respectfully declined.

4.09　TCU has declined to attempt to prove whether any of its false charges against Holland had any legitimate basis; arguing at page 31 of its Brief that their burden is only one of "production, not persuasion."

## V.

## EQUITABLE ESTOPPEL

5.01　The district court also erred by rejecting Holland's equitable estoppel theory. The Fifth Circuit permits estoppel where an employer misrepresents FMLA

eligibility and the employee reasonably and detrimentally relies on that representation. *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006).

5.02    Holland followed TCU's FMLA process and received approval for leave. She relied on this approval to her detriment by taking leave rather than seeking other accommodations or alternatives. Her admission that she "would have taken leave anyway" does not negate reliance under *Minard*, which requires only reasonable reliance, not but-for causation.

5.03    TCU helpfully argues at page 18 of its Brief that even if this Court should adopt the arguments of TCU set forth in its Brief that Holland was not entitled to FMLA leave, nevertheless Holland can prevail on this appeal by reason of the doctrine of equitable estoppel as set forth in *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006). The doctrine of equitable estoppel was adopted in this case by the Trial Court, which found it to be inapplicable because Holland did not suffer prejudice caused by failure to apply the doctrine because Holland did not suffer prejudice, despite losing her responsible job where she had been employed for over 20 years!

## VI.

## <u>CONCLUSION</u>

The district court erred in granting summary judgment. Holland presented sufficient evidence to raise genuine disputes of material fact on all claims. Accordingly, the judgment should be reversed and this case remanded for trial.

WHEREFORE, PREMISES CONSIDERED, Appellant Leigh Holland prays the Court to reverse the trial court's summary judgment dismissal, direct the Trial Court to proceed with jury trial and grant Appellant Leigh Holland such other and further relief as shall be proper.

Dated: July 25, 2025.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By:     */s/ W. D. Masterson*
         W.D. Masterson
         SBN: 13184000
         wdm@kilgorelaw.com
         3141 Hood Street, Suite 500
         Dallas, Texas 75219
         (214) 969-9099 - Telephone
         (214) 953-0133 - Facsimile

         **ATTORNEYS FOR APPELLANT,
         LEIGH HOLLAND**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on July 25, 2025, a true and correct copy of the foregoing document was filed with the ECF system, so that an electronic copy of the document was automatically transmitted to counsel for the opposing party.

**<u>Via ECF:</u>**

> Eva W. Turner
> eva.turner@ogletree.com
> Molly Ann Lawrence
> mollyann.lawrence@ogletree.com
>
> 8117 Preston Road, Suite 500
> Dallas, TX 75225
>
>
>     */s/ W. D. Masterson*
> W. D. Masterson

## CERTIFICATE OF COMPLIANCE

1.  EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5TH Cir. R. 32.2, THE BRIEF CONTAINS (select one):

    A.      1,779 words, OR

    B.       N/A     lines of text in monospaced typeface.

2.  THE BRIEF HAS BEEN PREPARED (select one):

    A.      in proportionally spaced typeface using:

            Software Name and Version:      Microsoft Word 365

            in (Typeface Name and Font Size):  Times New Roman - 14,   OR

    B.      in monospaced (nonproportionally spaced) typeface using:

            Typeface name and number of characters per inch:

              N/A

3.  THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN Fed. R. App. P. IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

                                        */s/ W. D. Masterson*
                                        W. D. Masterson